# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| WILIBALDO MORA,<br>    *Petitioner*<br><br>v.<br><br>WARDEN FNU ROSALEZ,<br>    *Respondent* | §<br>§<br>§    1:22-CV-01156-LY-SH<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Wilibaldo Mora's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed November 7, 2022 (Dkt. 1), and the Government's Response to the Petition and Motion to Dismiss, filed February 21, 2023 (Dkt. 9). The District Court referred the case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

### I.    Background

On June 15, 2018, the District Court entered judgment finding Petitioner Wilibaldo Mora guilty of conspiracy to possess with intent to distribute 5 kilograms or more of a controlled substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and sentenced him to 300 months' imprisonment, a five-year term of supervised release, a $2,000 fine, and forfeiture of $429,000. *United States v. Mora*, 2:16-CR-01115(5)-AM, Dkt. 1105 (W.D. Tex. June 15, 2018). Petitioner is incarcerated at the Federal Correctional Institute in Bastrop, Texas. Dkt. 1 at 1.

1

In this Petition for Habeas Corpus under 28 U.S.C. § 2241, Petitioner argues that the Bureau of Prisons ("BOP") has not properly calculated his earned time credits under the First Step Act ("FSA"). Petitioner asks the Court to order the BOP to apply those credits to his sentence.

Petitioner alleges that he requested information about his time credits and received an "FSA Time Credit Assessment" form on October 9, 2022. Dkt. 1 at 3. The form shows that the BOP counted 390 programming days towards his time credits and disallowed 996 days. *Id.* at 11. Petitioner states that these days were disallowed because the BOP Department of Psychology marked him as incomplete for an assessment, but contends that he was unaware an assessment was needed or incomplete. *Id.* at 4-5. As a result, Petitioner alleges that he has been wrongfully denied 498 days of earned credits towards release or home confinement. *Id.* at 3. He also alleges that the BOP violated the FSA by failing to complete his assessment by the January 15, 2020 deadline.

In its Response and Motion to Dismiss, the Government argues that the Court should dismiss the Petition because (1) Petitioner failed to exhaust his administrative remedies, and (2) the Petition is moot because the BOP has updated Petitioner's time credit calculation and Petitioner has not plausibly alleged any further errors in the calculation. Petitioner did not file a response to the motion. Because Petitioner has failed to exhaust his administrative remedies, the Court need not address the Government's alternative argument for dismissal.

## II.    Legal Standards

**A. Section 2241**

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) if he is "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner bringing a § 2241 petition is limited to attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

The Attorney General, through the BOP, is responsible for administering a district court's sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP, not the district court, has the statutory authority to decide "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted); *see also United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (stating that "credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing"). Therefore, "[t]he BOP, not the district court, is empowered to calculate 18 U.S.C. § 3585(b) credits after the prisoner begins his sentence." *Aparicio*, 963 F.3d at 478. Prisoners are afforded administrative review of their credit computation and may seek judicial review of the computation after exhausting administrative remedies with the BOP. *Id.*

A petitioner must exhaust his administrative remedies through the BOP before filing a § 2241 petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). But failure to exhaust is not a jurisdictional requirement. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Exceptions to the exhaustion requirement may be made "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez*, 688 F.3d at 194 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Exceptions may be made only in "extraordinary circumstances," and the petitioner "bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62.

**B. BOP Administrative Remedy Program**

The BOP Administrative Remedy Program provides a process "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. A prisoner first must attempt to informally resolve the complaint with staff. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the

3

Warden. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director, then to the Office of General Counsel. § 542.15. Courts have found that "the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.'" *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)).

### III.   Analysis

The Government argues that the Petition should be dismissed because Petitioner failed to exhaust all his administrative remedies with the BOP, and that doing so would not be futile. Although Petitioner did not respond to the Motion to Dismiss, he alleges in his Petition that exhausting his administrative remedies would be futile because the process takes months to complete and would not have been resolved before November 1, 2022, the date on which he alleges the loss of time becomes "fixed."

According to the BOP's calculation, Petitioner will not be eligible for home confinement until June 5, 2036, and his earliest possible release date is December 5, 2036, allowing him ample time to pursue administrative remedies. *See* Dkt. 9-2 (Massey Dec.) ¶ 3; *see also* Dkt. 9 at 10 n.4 (stating that, under Petitioner's calculation, his "time credits would not exceed the remainder of his sentence until approximately January 12, 2036"). The time to complete the administrative review process is insufficient to excuse exhaustion. *Graham v. Fed. Bureau of Prisons*, No. EP-22-CV-348-DCG, 2022 WL 5236837, at *2 (W.D. Tex. Oct. 4, 2022) ("While it is true that exhaustion takes time, there is no reason to assume that prison administrators will not act expeditiously.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)) (cleaned up).

Although Petitioner contends that the administrative review process would not have been completed by November 1, 2022, there is no evidence that the BOP could not afford Petitioner the

relief he seeks after that date. Indeed, the BOP has recalculated Petitioner's time credits to award him the previously disallowed 996 programming days. *See* Dkt. 9-2 (Massey Dec.) ¶ 8 (stating that, as of February 11, 2023, Petitioner has zero disallowed programming days). Petitioner thus fails to meet his burden of demonstrating the futility of administrative review.

Petitioner also asks the Court to order the BOP to apply to his sentence any credits he has earned since he filed his Petition. There is no evidence that the BOP will not properly calculate any time credits Petitioner has earned, and any claim that the BOP miscalculated those credits must first be raised with the BOP.

## IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** the Government's Motion to Dismiss (Dkt. 9) and **DISMISS** Wilibaldo Mora's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) without prejudice for failure to exhaust his administrative remedies.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 5, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE